FILED
CLERK OF COURT

2025 APR 14 PM 3: 08

SUPERIOR COURT
OF GUAM

IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

            vs.

**PETER DAVID TEDTAOTAO OGO,**
aka Peter David Ogo, Jr., aka Peter David
Tedtaotao Ogo, Jr.,
DOB: 11/27/1986

            Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CRIMINAL CASE NO. **CF0718-23**
GPD Report NOS. 21-25726/22-04543/22-06826/
22-29254/23-04462/23-09492/
23-09680/23-07628

DECISION AND ORDER
RE. DEFENDANT'S MOTION TO
SEVER CHARGES IN THE
INDICTMENT

## I.    **INTRODUCTION**

This matter is before the Honorable Judge Maria T. Cenzon on Defendant Peter David Tedtaotao Ogo's ("Defendant" or "Defendant Ogo") Motion to Sever Charges in the Indictment (the "Motion"). Representing Defendant Ogo is Assistant Public Defender Zachary C. Taimanglo. Representing the People of Guam ("the People") is Christine S. Tenorio. After the close of the pleadings in this case, the Court took the Motion under advisement pursuant to CVR 7.1(e)(6)(E) and CR 1.1(g)(4)(B) of the LOCAL RULES OF THE SUPERIOR COURT OF GUAM.

After reviewing the Defendant's Motion, the People's Opposition, and the applicable statutes and case law, the Court now issues this Decision and Order **GRANTING IN PART** Defendant's Motion.

## II.    PROCEDURAL AND FACTUAL BACKGROUND

### A. The Indictment

A grand jury returned an Indictment against Defendant Ogo on November 7, 2023, wherein the Defendant was charged with eight (8) offenses. *See Indict.* (Nov. 7, 2023). Because of the apparent complexity and volume of charges in this matter, the Court uses the following table for illustrative purposes in its analysis. The order of the offenses are listed in the order as described in the Indictment:

| Date of the Alleged Offense | The Alleged Offense | The Alleged Victim(s) and Locations |
|---|---|---|
| October 19, 2021 | Charge Two – Burglary (As a Second Degree Felony) | Diane Smith ("Smith"), Dededo |
| October 19, 2021 | Charge Three – Attempted Burglary (As a Second Degree Felony) | Darren Pichon ("Pichon"), Yigo |
| February 14, 2022 | Charge One Count One – Burglary (As a Second Degree Felony) | SDA Housing ("SDA"), Tamuning |
| November 12 – 13, 2022 | Charge Eight Count One – Criminal Mischief (As a Misdemeanor) | Wettengel Elemetary School ("WES"), Dededo |
| November 13, 2022 | Charge Four Count One – Burglary to a School (As a Second Degree Felony) | WES, Dededo |
| February 15, 2023 | Charge One Count Two – Burglary (As a Second Degree Felony) | I Mart, Dededo |
| February 15, 2023 | Charge Five – Theft of Property (As a Third Degree Felony) | I Mart, Dededo |
| February 15, 2023 | Charge Eight Count Two – Criminal Mischief (As a Misdemeanor) | I Mart, Dededo |

| Date | Charge | Location |
|---|---|---|
| March 18 – 19, 2023 | Charge Four Count Two – Burglary to a School (As a Second Degree Felony) | Benavente Middle School ("BMS"), Dededo |
| March 19, 2023 | Charge Eight Count Three – Criminal Mischief (As a Misdemeanor) | BMS, Dededo |
| April 8, 2023 | Charge Eight Count Four – Criminal Mischief (As a Misdemeanor) | Immaculate Heart of Mary Catholic Church ("IHOM"), Toto |
| April 9, 2023 | Charge One Count Three – Burglary (As a Second Degree Felony) | Mr. and Mrs. Apuron (the "Apurons"), Mangilao |
| April 9, 2023 | Charge Eight Count Four – Criminal Mischief (As a Misdemeanor) | The Apurons, Mangilao |
| April 10, 2023 | Charge One, Count Four – Burglary (As a Second Degree Felony) | Fin Japanese Restaurant ("Fin" or "Fin Restaurant"), Dededo |
| April 10, 2023 | Charge Six – Theft of Property (As a Third Degree Felony) | Fin, Dededo |
| April 10, 2023 | Charge Eight Count Six – Criminal Mischief (As a Misdemeanor) | Fin, Dededo |
| April 11, 2023 | Charge Seven – Theft of Property (As a Third Degree Felony) | IHOM, Toto |

The dates of the alleged events as described in the Indictment may be grouped as follows: (1) October 19, 2021 (Victims Diane Smith and Darren Pichon); (2) February 14, 2022 (Victim SDA Housing); (3) November 12 – 13, 2022 (Victim WES); (4) February 15, 2023 (Victim I Mart); (5) March 18 – 19, 2023 (Victim BMS); and (6) April 8 – 11, 2023 (Victims IHOM, the Apurons, and Fin Restaurant). The alleged offenses range from Burglary, Attempted Burglary,

Burglary to a School, Theft of Property, and Criminal Mischief. The locations of the alleged offenses range from the villages of Yigo, Dededo, Toto, and Tamuning, Guam.

**B. Defendant's Motion to Sever Charges in the Indictment**

Defendant Ogo filed his Motion on August 30, 2024. The Defendant argues that severance of charges is appropriate in this matter because he would be unfairly prejudiced by presenting the unrelated counts and charges to a single jury for consideration. *See Deft.'s Mot.* at 2. "The jurors may connect that if Defendant committed one crime, he most likely committed the others. Jurors may not be able to treat the allegations, charges, and counts as separate and apart from each other. The jurors might treat this case as proven, if the Government is able to prove on count or charge." *Id.* at 3. Further, "the defendant may need to testify respecting his defenses to one charge or count; and respecting his right to remain silent in regard to the other charges or counts." *Id.* Defendant Ogo proposes the following method of severing the charges:

1. Charge One Count One: **SDA**;
2. Charge One Count Two, Charge Five, and Charge Eight Count Two: **I Mart**;
3. Charge One Count Three, and Charge Eight Count Five: **Mr. & Mrs. Apruon**;
4. Charge One Count Four, Charge Six, and Charge Eight Count Six: **Fin**;
5. Charge Two: **Smith**;
6. Charge Three: **Pichon**;
7. Charge Four Count One, and Charge Eight Count One: **Wettengel**;
8. Charge Four Count Two, and Charge Eight Count Three: **Benavente Middle School**; and
9. Charge Seven, and Charge Eight Count 4: **IHOM**.

*Id.* Defendant asks the Court to hold nine (9) separate trials for each of the nine named victims.

**C. The People's Opposition**

The People's Opposition agrees that severance of the trials may be appropriate; however, argues that there need only be two, rather than nine, separate trials on the basis of the proximity in time of the offenses to each other. *See Ppl.'s Opp.* At 4. The People propose that the charges

involving Diane Smith, SDA, and WES "should be joined because they all involve fingerprint evidence, and they were all committed with a 13-month span." *Id.* at 4. Similarly, the People propose that the charges involving I Mart, the Apurons, BMS, IHOM, and Fin Restaurant "should be joined in a separate trial because they all involve surveillance footage that show a male in a ponytail," and "these crimes all occurred within a 3-month span." *Id.* The People reason that these separate trials would join offenses that are of the "same or similar character." *Id.* at 4 (citing *U.S. v. Jawara*, 474 F.3d 565, 578 (9th Cir. 2007). The People further argue that the Defendant has failed to offer arguments of "how the current joinder prejudices him from exploring different defenses in each trial." *Id.* at 5.

## DISCUSSION

### A. Controlling statutes and law

The joinder of multiple offenses in a single Indictment is appropriate when the offenses charged "are of the same or similar character or based on the same act or transaction or on two (2) or more acts or transactions connected together or constituting parts of a common scheme or plan." 8 GCA §55.35(a). 8 GCA § 55.35 originates from the Federal Rules of Criminal Procedure Rule 8. *See Note*, 8 GCA § 55.35. Therefore, the Court may turn to federal cases for guidance in interpreting related local statutes. *See Benavente v. Taitano*, 2006 Guam 15.

Trial courts have broad discretion in deciding severance of trials. *U.S. v. Reavis*, 48 F.3d 763, 767 (4th Cir. 1995). In determining whether offenses are properly joined, courts traditionally consider "whether the charges are laid under the same statute, whether they involve similar victims, locations, or modes of operation, and the time frame in which the charged conduct occurred." *U.S. v. Taylor*, 54 F.3d 967, 973 (1st. Cir. 1995) (citations omitted). Further, "the validity of the joinder is determined solely by the allegations in the indictment." *United States v.*

*Jawara*, 474 F.3d 565, 572 (9th Cir. 2007). Joinder is satisfied if one of three conditions is satisfied: the charged offenses must be (1) "of the same or similar character," (2) "based on the same act or transaction," or (3) "connected with or constituting parts of a common scheme or plan." *Id.* at 572. "Where there is substantial overlap in evidence between two offenses, joinder eliminates the need to prove substantially the same evidence twice over, thus realizing precisely the kind of economy envisaged by Rule 8(a)." *Howerton v. United States*, 964 A.2d 1282, 1292 (D.C. 2009). In this matter, both parties agree that severance of the alleged charges is appropriate – where the parties depart is how such severance should be achieved. In ruling on this question, the Court first turns to the charges alleged in this matter and whether joinder of offenses is appropriate under Section 55.35.

**B.      Are the acts alleged of the "same or similar character"?**

The Court first considers whether the charges are "of the same or similar character." *Jawara* at 572. In considering charges of the same or similar character, some factors that may be considered are the elements of the offenses, the temporal proximity of the acts, overlapping evidence, and logical relation of facts. *Id* at 578.

Here, the Court looks to the underlying allegations in determining whether joinder is appropriate in this case. The Indictment alleges nine (9) victims in this matter: Smith, Pichon, SDA, WES, I Mart, BMS, IHOM, the Apurons, and Fin Restaurant. Because of the variance in victims, the Court will consider other factors that realizes the judicial economy envisioned by 8 GCA § 55.35(a).

The Court first considers if any overlapping evidence exists between the alleged offenses. *See Id.* The People posit two kinds of overlapping evidence exist that tends to show the Defendant's identity: fingerprinting evidence and surveillance or video footage. *See Ppl.'s Opp.*

at 4. The charges involving Smith, SDA, and WES involve overlapping fingerprinting evidence – further, the charges involving I Mart, the Apurons, BMS, IHOM, and Fin Restaurant involve evidence of video footage showing "a male in a ponytail." *Id*. Therefore, the Court finds that the factor of overlapping evidence weighs in favor of severance, because the separate evidence of fingerprinting and video footage do not overlap in as far as evidence of Defendant's guilt nor to their relationship to the alleged victims. For instance, fingerprinting evidence could not show that the Defendant burglarized BMS, and video footage could not show that the Defendant burglarized SDA. On the other hand, fingerprint evidence purportedly connects the Defendant to the victims Smith, SDA and WES, and surveillance footage connects him to IM Mart, BMS, the Apurons, Fin and IHOM.

Next, the Court looks to the temporal proximity between offenses. "The time-period factor is to be determined on a case-by-case approach; there is no per se rule on when the time period between similar offenses is so great that they may not be joined." *U.S. v. Rogers*, 732 F.2d 625, 629 (8th Cir. 1984). As described in the above table, the events involving Smith, Pichon, SDA, and WES occurred during the period of October 19, 2021, to November 13, 2022 – a span of nearly thirteen (13) months. Further, the events involving I Mart, the Apurons, BMS, IHOM, and Fin Restaurant began on February 15, 2023, to April 11, 2023 – a span of nearly two (2) months. Although the Court finds that the proximity in time does not, in and of itself, weigh heavily in favor of severance, the Court acknowledges that the allegations occurring from 2021 through 2022 may be appropriately severed from incidents which occurred in 2023.

Finally, the Court looks to the nature of the alleged offenses. The Indictment charges Defendant with Burglary, Attempted Burglary, Burglary to a School, Theft of Property, and Criminal Mischief. With the exception of Criminal Mischief, the allegations involve the elements

of Theft (i.e., unlawfully taking, obtaining or exercising unlawful control over the moveable property of another with the intent to deprive him thereof), including the Burglary offenses, which include the elements of Theft, plus the element of entering or surreptitiously remaining in any habitable property, building, or school under 9 GCA § 37.20. Because the offense of Burglary and the offense of Theft of Property are of the same or similar character, the Court finds that they are properly joined. *See, e.g., United States v. Chambers,* (64 F.2d 1250, 1250-51)(1st Cir. 1992)(affirming joinder of six robberies involving similar victims over a period of two and a half months; *United States v. Sanders,* 463 F.2d 1086 (8th Cir. 1972)(affirming joinder of counts where offenses were of the same or similar character and occurred eight months apart); *Howard v. United States,* 372 F.2d 294, 301 (9th Cir. 1967), *cert. denied* 388 U.S. 915 (1967)(holding that "the use of multicount indictments charging offenses of similar character is a sanctioned practice"). Only Charge Eight Criminal Mischief does not have elements encompassing Burglary or Theft; however, six (6) of the nine (9) named victims are also alleged victims of Criminal Mischief. Consequently, the Court finds that the elements of the offenses weigh in favor of joinder.

**B.    Will the joinder of the offenses unduly prejudice the Defendant?**

The Court's next inquiry is whether a joinder of offenses in a single trial would unduly prejudice the Defendant. The court has discretion to grant severance of offenses "if it appears that a defendant or the government is prejudiced by a joinder of offenses. . .." 8 GCA § 65.35. Section 65.35 originates from Federal Rules of Criminal Procedure Rule 14, *see Note,* 8 GCA § 65.35, thus federal case law is instructive. *See Benavente,* 2006 Guam 15. Although joinder may be proper, severance may still be required if the defendant or the government is prejudiced by such joinder. *See U.S. v. Cardwell,* 433 F.3d 378 (4th Cir. 2005). "Such cases, however, will be rare.

It is not enough for the defendant to show that severance offers him a 'better chance of acquittal.'" *Id.*

Defendant argues that he would be unfairly prejudiced by trying unrelated counts and charges in a single trial: "It would be unfairly prejudicial to the defendant to let emotions from one count or charge spill over to other counts or charges." *Deft.'s Mot.* at 2, 3. In addition, he claims that "[t]here will be little overlapping evidence that would end up being presented twice." *Id.* "The prime consideration in determining whether or not to grant a severance is the possibility of prejudice to the defendant in conducting his defense. Weighing the danger of confusion and undue cumulative inference is a matter for the trial judge and within his sound discretion." *Johnson v. United States*, 356 F. 2d 680, 682 (8th Cir. 1966).

The Court finds that giving proper instructions to guide the jury deliberations sufficiently addresses any undue prejudice from the joinder of the offenses. Admonishing a jury from rendering a decision based upon emotion or feelings sufficiently addresses the Defendant's concern that "emotions from one count or charge [will] spill over to other counts or charges." In this instance, the following instructions are typically given to the jury as a matter of course:

### Jury Instruction: Role of the Court

You have now heard all of the evidence in the case and you have heard the final arguments of the lawyers for the parties. My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. **And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy.** That means you must decide the case solely on the evidence

before you. You will recall that you took an oath promising to do so at the beginning of the case.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instructions as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

(Emphasis added).

Additionally, the jury is instructed to consider each charge in an indictment independently of any other:

### Jury Instruction: Consider Each Charge Separately

A separate crime is charged in each charge of the Indictment. Each charge, and the evidence pertaining to it, should be considered separately by the jury. **The fact that you may find the defendant guilty or not guilty as to one of the charges should not control your verdict as to any other charge.**

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be - or ought to be - it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

(Emphasis added). *See People v. Jung*, 2001 Guam 15 at ¶ 25 (jury instructions, as part of the written Closing Jury Instructions, that instructed to consider the charges and counts separately as to the issue of insanity, were sufficient for a jury to separately consider each charge); *see also* Ninth Circuit Manual of Model Criminal Jury Instructions 6.11. The Court finds that including this instruction is sufficient to cure any potential prejudice, especially when the language is carefully crafted with input from the parties. *See People v. Aguon*, 2020 Guam 24 ¶¶ 27-28 (trial court appropriately issued curative jury instruction that were crafted with the consultation and active participation from the parties). Moreover, any risk of prejudice can be cured by issuing

proper jury limiting instructions, as "the jury is presumed to follow the jury instructions." *Id.* ¶ 30; *see also Zafiro v. United States*, 506 U.S. 534, 540 (1993) (citation omitted).

And, finally, the jury is instructed that the People have the burden of proving each and every element of an offense beyond a reasonable doubt, and this would apply with specificity to all of the elements of each and every offense and count of every charge against the Defendant. In this regard, the following instruction is always given to a jury in a criminal case:

> **Jury Instuction: People Have Burden to Prove Each and Every Element of an Offense Charged**
>
> **The People of Guam have the burden of proving every element of an offense charged beyond a reasonable doubt.** If, after careful and impartial consideration of all the evidence, you find that the People did not prove one or more of the elements of an offense charged beyond a reasonable doubt, then it is your duty to find the defendant not guilty.

Because the jury will be instructed (1) not to base its verdict on any emotion (e.g., personal likes or dislikes, opinions, prejudices or sympathy), (2) to consider the evidence of each charge separately in rendering a verdict and not to find him guilty of a charge simply because the jury found him guilty of another charge in the indictment, and (3) that the People must prove every element of an offense charged beyond a reasonable doubt, the Court finds that the instructions are sufficient to protect against "undue prejudice" to the Defendant by the joinder of the charges.

**C.     The Court will, nevertheless, sever the trial of the charges on the basis of the temporal differences in the charges and the type of evidence relied on by the People.**

Notwithstanding the Court's finding that joinder of the charges for a single trial is appropriate in this case, the Court agrees to sever the trial of the matters, based upon the temporal and evidentiary similarities shared by the charges, into two separate trials, as set forth in the following tables:

The 2021 and 2022 allegations shall be grouped together for the purposes of trial based upon the proximity of the incidences in time to each other as well as the nature of the offenses charged are similar, with the sole exception of the Criminal Mischief charge relating to victim Wettengel. The evidence upon which the People rely is latent fingerprint evidence of the Defendant.

| TRIAL 1 | | | | |
|---|---|---|---|---|
| DATE | OFFENSE | CHARGE | VICTIM | EVIDENCE |
| 10/19/2021 | Burglary (F) | Two | Smith | Fingerprints |
| 10/19/2021 | Attempted Burglary (F) | Three | Pichon | -- |
| 02/14/2022 | Burglary (F) | One, Count 1 | SDA | Fingerprints |
| 11/13/2022 | Burglary to a School (F) | Four, Count 1 | Wettengel | Fingerprints |
| 11/22- 23/2022 | Criminal Mischief (M) | Eight, Count 1 | Wettengel | Fingerprints |

Trial 2 shall cover the offenses which are all close in time, are similar in nature alleged to have been committed against each of the victims and the evidence of which is intended to be supported by surveillance video:

| TRIAL 2 | | | | |
|---|---|---|---|---|
| DATE | OFFENSE | CHARGE | VICTIM | EVIDENCE |
| 02/15/2023 | Burglary (F) | One, Count 2 | I Mart | Surveillance |
| 02/15/2023 | Theft of Property (F) | Five | I Mart | Surveillance |
| 02/15/2023 | Criminal Mischief (M) | Eight, Count 2 | I Mart | Surveillance |
| 03/18- 19/2023 | Burglary to a School (F) | Four, Count 2 | BMS | Surveillance |
| 03/19/2023 | Criminal Mischief (M) | Eight, Count 3 | BMS | Surveillance |
| 04/08/2023 | Criminal Mischief (M) | Eight, Count 4 | IHOM | Surveillance |
| 04/11/2023 | Theft of Property (M) | Seven | IHOM | Surveillance |
| 04/09/2023 | Burglary (F) | One, Count 3 | Apurons | Surveillance |
| 04/09/2023 | Criminal Mischief (M) | Eight, Count 5 | Apurons | Surveillance |
| 04/10/2023 | Theft of Property (F) | Six | Fin Rest. | Surveillance |
| 04/10/2023 | Criminal Mischief (M) | Eight, Count 6 | Fin Rest. | Surveillance |

## III. CONCLUSION

For the reasons set forth herein, the Defendant's Motion to Sever Charges in the Indictment is **GRANTED IN PART**. The Court shall schedule a Criminal Trial Scheduling Conference to discuss the setting of trial dates and other deadlines in this case, the notice of which shall be forthcoming.

**SO ORDERED** this 14th day of April, 2025.

_____
**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam

**SERVICE VIA E-MAIL**
I acknowledge that an electronic Copy of the original was e mailed to

AG, POSC

Date 4/14/25  Time 3:13 pm

Deputy clerk, Superior Court of Guam